IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATTLEE NICHOLE CHAVEZ,

      Plaintiff,

v.                                                                      No. 1:21-cv-00872-SCY

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
JOHN DOES 1-4,

      Defendants.

**MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Damages Caused by Fraud, Deprivation of Civil Rights and Other Tortious Conduct, filed September 3, 2021. Doc. 1 ("Complaint"). Plaintiff alleges that United States Department of Agriculture ("USDA") employees "executed and issued and transferred a promissory note and mortgage in [Plaintiff's] name when she was only 7 years old." Complaint at 4, ¶ 9. Plaintiff also alleges that "the USDA initiated a complaint for foreclosure action against [Plaintiff] on the Loan Documents" and "report[ed] the foreclosure action to third parties such as the national credit bureaus, Internal Revenue Service, and other government agencies directly caus[ing] financial devastation for [Plaintiff] in all aspects of life from the age of 18 (when she became aware) into young adulthood as [a] 26 year old woman." Complaint at 4, ¶¶ 12-13. Plaintiff asserts claims pursuant to the Federal Tort Claims Act, the Real Estate Settlement Procedures Act, 42 U.S.C. § 1983 and criminal statutes regarding bank fraud, identity theft and deprivation of rights under color of law, and for fraud.

**Federal Tort Claims Act**

Plaintiff has not met her burden of alleging facts showing that the Court has jurisdiction over her claim pursuant to the Federal Tort Claims Act ("FTCA"). As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)). The requirement to exhaust administrative remedies by presenting the claim to the appropriate Federal agency before appearing in federal court is jurisdictional and cannot be waived. *See Estate of Cummings v. United States*, 651 Fed. Appx. 822, 827 (10th Cir. 2016). Although Plaintiff alleges she "has satisfied the notice requirements set forth in the FTCA," she has not set forth factual allegations clearly stating when she found out the USDA executed a promissory note and mortgage in her name, when the USDA initiated a foreclosure action against Plaintiff, when Plaintiff found out about the foreclosure action, when the USDA notified other third parties of the foreclosure action, when Plaintiff found out about the notification, when she presented her tort claim in writing to the USDA, the contents of her claim, or when the USDA mailed its notice of final denial of Plaintiff's claim to Plaintiff.

The Complaint also fails to state a claim pursuant to the FTCA against the USDA and the individual defendants because "[t]he United States is the only proper defendant in a federal tort claims action." *Gaines v. Pearson*, 516 F. App'x. 724, 726 (10th Cir. 2013).

**Fraud**

The Complaint fails to state a claim for fraud.

> The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation ... Our case law provides, in the general sense, that a plaintiff alleging fraud may recover "such damages as are the direct and natural consequences" of the reliance on a fraudulent representation.

*Williams v. Stewart*, 2005-NMCA-061 ¶ 34, 112 P.2d 290. Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

The Complaint does not identify the false representations, the contents of those false statements, the persons making the false statements, the date they made the false statements or Plaintiff's detrimental reliance on the false statements.

**Criminal Statutes**

The Complaint fails to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 1344 (Bank fraud), 18 U.S.C. § 1028A (Aggravated identity theft), and 18 U.S.C. § 242 (Deprivation of rights under color of law), because 18 U.S.C. § 1344, 18 U.S.C. § 1028A, and 18 U.S.C. § 242 are criminal statutes. "[C]riminal statutes do not

provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x. 414, 415-16 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

### Real Estate Settlement Procedures Act

The Complaint fails to state a claim pursuant to the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff alleges that when the "USDA engaged settled [sic] a real-estate transaction and received the benefit of interest and fees related to a federal mortgage issued to the minor child [Plaintiff]," Complaint at 12, ¶ 64, the USDA violated a provision of RESPA which states in relevant part:

> No person shall give and no person shall accept any fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

12 U.S.C. § 2607(a). Under RESPA "the term 'person' includes individuals, corporations, associations, partnerships, and trusts." 12 U.S.C. § 2602(5). "Person" does not include federal agencies such as the USDA.

### 42 U.S.C. § 1983

The Complaint fails to state a claim pursuant 42 U.S.C. § 1983 because the only Defendants named in the Complaint are the United States, the USDA and federal employees. Section 1983 "applies only to actions by state and local entities, not by the federal government . . . and does not apply to federal officers acting under color of federal law." *Beals v. United States Department of Justice*, 460 F. App'x. 773, 775 (10th Cir. 2012) (affirming district court's dismissal of plaintiff's Section 1983 claims against the United States for lack of subject matter jurisdiction). Because Plaintiff is proceeding *pro se*, the Court liberally construes her Section

1983 claims as *Bivens* claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (stating that *Bivens* actions are the "federal analog" to § 1983 actions).

### *Bivens* Claims

"In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)).

The Complaint fails to state a *Bivens* claim against the United States and the USDA. A "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

The Complaint currently fails to state a claim upon which relief can be granted pursuant to *Bivens* against the John Doe Defendants because the factual allegations do not explain what *each* individual John Doe Defendant did. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff states she "will amend this complaint once the true identities of the Defendant John Doe Loan Officers are uncovered during formal discovery." Complaint at 3, ¶ 7.  Plaintiff, however, does not even describe the action individual John Doe allegedly took.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**